# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS H. CROWDER, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-17-1132-R |
| JIMMY MARTIN, | ) |
| Respondent. | ) |

## ORDER

Petitioner filed the instant action seeking a writ of habeas corpus with regard to his conviction in the District Court of Oklahoma County in Case No. CF- 2014-5800. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On April 27, 2018, Judge Purcell issued a Report and Recommendation wherein he recommended the Petition be denied. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Petitioner commences his objection by arguing that the instant proceedings violate his due process rights, because Judge Purcell denied his Motion for Further Expansion of the Record (Doc. No. 16). Therein Petitioner requested copies of the entire transcript because the response to the petition only included the pages that Respondent deemed relevant to the outcome of the petition. Petitioner relied in part on a Tenth Circuit Rule

which provides, "[w]hen sufficiency of the evidence is raised, the entire relevant trial transcript must be provided." 10th Cir. R. 10.1(A)(1)(a). This rule, however, refers to an appellant's duty to provide a record to the appellate court; it does not define the duty of the State in filing its response in this Court. *See* Rule 5 of the Rules Governing Section 2254 Cases; *see also Bagby v. Jones*, 495 Fed. Appx. 860, 862 (10th Cir. August. 3, 2012).

Furthermore, "an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error." *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992) (per curiam). Thus, where a petitioner cannot show need for a free transcript, any request will be denied. *See Sweezy v. Ward*, No. 99–6131, 2000 WL 192904, at *1 (10th Cir. Feb.17, 2000). Petitioner has not shown any need for a free copy of the state record. Respondent was required to file, along with his answer, a copy of the relevant portions of the transcript. Rule 5(c), Rules Governing Section 2254 Cases in United States District Courts. Accordingly, Petitioner was furnished the portions of the transcript Respondent deemed relevant in responding to the petition. Additionally, the Court has the entire transcript of the trial, obviating one of Petitioner's concerns. Furthermore, Petitioner is not required to provide citations to the record to support his claims, but rather he must only provide facts to the Court to support the claims. *Ruark*, 958 F.2d at 319 (holding that claim that transcript was needed to prove allegations was insufficient to require its production). Accordingly, the Court turns to Petitioner's objection to the Report and Recommendation as it addresses the merits of his claims.

Petitioner's first contention is that the evidence was insufficient to support his conviction for violation of Okla. Stat. tit. 21 § 1123, lewd molestation.

The Oklahoma statute under which Petitioner was convicted, tit. 21, § 1123, applies to defendants who "[l]ook upon, touch, maul, or feel the body or private parts of any child ... in any lewd or lascivious manner by any acts against public decency and morality." § 1123(A)(2). Much of Petitioner's objection is premised on speculation or statements not supported by the record. For example, he speculates the State did not immediately file charges because the victim was being coached as to her story. He also misstates the testimony of the forensic interviewer, Rebecca Peterson, asserting that the agency received money for every case referred to prosecution, which is contrary her testimony.[1] The Report and Recommendation thoroughly and correctly analyzed Petitioner's sufficiency of the evidence argument, and upon *de novo* review, the Court finds no basis for disturbing Judge Purcell's conclusion.

To the extent Petitioner contends that the Magistrate erred in concluding that the touching could be over the clothing as opposed to of the naked body, this conclusion is supported by Oklahoma law. A conviction under § 1123 "does not require the body or private parts looked upon, touched, mauled or felt to be naked." *Heard v. State*, 201 P.3d 182, 183 (Okla. Crim. App. 2009) (quotation omitted); *United States v. Gieswein*, 887 F.3d 1054, 1059 (10th Cir. 2018).

Petitioner's second contention is that § 1123 is unconstitutionally vague. Defendant contends in his objection to the Report and Recommendation that the ability to obtain a conviction for touching over the clothing "gives vitality to accidental not intentional

---

[1] She testified "We are private, nonprofit. We are not a government agency. We have no, again, stake in whether or not a child discloses. We don't get paid more for a disclosure." Tr. 112.

touching." Doc. No. 25, p. 11. A conviction under § 1123 requires a finding by the jury of six elements, two of which undercut Defendant's theory. As the jury was instructed in this case, the first two elements require proof that defendant knowingly and intentionally touched the victim. Furthermore, the fifth element requires that the touching have been in a lewd or lascivious manner. Jury Instruction No. 19, Doc. No. 10-9. Accordingly, Petitioner's theory that § 1123 renders accidental touching unlawful is inaccurate.

In his objection Petitioner cites to *Robison v. State*, F-98-724 (Ok. Crim. App. 1999). His reliance on *Robinson* is misplaced; the conviction overturned was premised on allegations that Mr. Robinson looked upon his stepdaughter in an intentionally lewd and lascivious manner, not that he toucher her.

> To be criminal under the charging statute, Appellant must have looked upon the child's body or private parts. While the statute does not say "naked body" or "naked private parts," we believe the pairing of the work "body" with the term "private parts," indicates the legislature intended something more than the act of staring between the legs of someone who is wearing both underwear and boxer shorts, even under the circumstances set forth in this case.

*Robinson v. State*, F-98-724, *2 (Ok. Crim. App. July 29, 1999). *Robinson*, therefore, does not undercut the above-cited authorities that permit a conviction under Oklahoma law for lewd touching over the clothing. The Report and Recommendation contains a thorough analysis addressing Petitioner's vagueness challenge, and upon *de novo* review, the Court finds no basis for rejecting Judge Purcell's conclusion.[2]

---

[2] Judge Purcell concluded that Petitioner's reliance on *Robinson* was inappropriate because the case was unpublished and inaccessible. Although unpublished, the undersigned was able to access the unpublished Summary Opinion of the Oklahoma Court of Criminal Appeals via the Oklahoma Indigent Defense System website at http://cocaunpub.oids.ok.gov/direct_state_appls.htm. Regardless, Judge Purcell was able to assess the issue by reference to the Tenth Circuit decision in *Heard v. Addison*, 728 F.3d 1170 (10th Cir. 2013), which explained the

4

Petitioner objects to the Report and Recommendation with regard to his ineffective assistance of trial counsel claim, asserting his belief that "trial counsel had no right to instruct him not to testify." Doc. No. 25, p. 12. The Report and Recommendation correctly quotes the Petitioner's statements on the record to the trial court that he was advised of his right to testify and that he made the decision to forego doing so. "I have made a decision, I'm not going to testify, your Honor." Tr. 139. His attorney stated, "we talked about what I call pros and cons of testifying," to which Petitioner replied, "right." Tr. 140. Counsel asked, "at that time, you elected, based upon our conversations, that you would not testify; is that correct?" Petitioner responded "Right." *Id.* As noted by Judge Purcell, Petitioner cannot prevail on his ineffective assistance of counsel claims where his statements on the record undercut his theory that counsel made the decision that he should not testify.

With regard to appellate counsel, Petitioner contends that because he was represented by the same counsel at trial and on direct appeal, prejudice should be presumed because appellate counsel will not challenge the effectiveness of his own performance on direct appeal. Judge Purcell thoroughly addressed this issue and properly rejected the claim. Accordingly, the Report and Recommendation is adopted with regard to Petitioner's ineffective assistance of counsel claims.

Finally, Petitioner seeks relief under a theory that he is factually innocent, which Judge Purcell correctly concluded is not a proper freestanding habeas claim, unconnected to an independent constitutional violation during the course of his trial.

---

*Robinson* decision. *Robinson* is best understood in the context of the provision of § 1123 that addresses looking as opposed to touching, the crime for which Petitioner was convicted.

> To the extent Petitioner attempts to bring a freestanding claim of "actual innocence" or a "miscarriage of justice," it is meritless. "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also id*. at 404–05 (The "fundamental miscarriage of justice exception" or "claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits").

*Davis v. McCollum*, No. CIV-16-1347-R, 2018 WL 587238, at *3 (W.D. Okla. Jan. 29, 2018); *see also LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) ("[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus."); *McGuiggin v. Perkins*, 569 U.S. 383, 392 (2013)( the Supreme Court "ha[s] not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *Slinkard v. McCollum*, 675 Fed. Appx. 851 (10th Cir. Jan. 11, 2017)( **"**Slinkard failed to tether his gateway actual-innocence claim to an independent constitutional claim"). Accordingly, Petitioner is not entitled to relief on this basis either and the Report and Recommendation is adopted.[3]

Under Rule 11 of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. To satisfy this standard, the

---

[3] Petitioner asserts in his objection that his claim is not for factual innocence but rather that he is asserting that his conviction was a fundamental miscarriage of justice. The claims are essentially one and the same and are used to avoid application of the procedural bar to claims procedurally defaulted in state court. A fundamental miscarriage of justice claim is used to avoid procedural default of a claim where an underlying constitutional violation probably caused the conviction of one who is innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). This case does not involve procedural default and thus *McCleskey* has no application herein. *See e.g. Davis v. McCollum*, 2018 WL 587138 (W.D. Okla. Jan 29, 2018).

movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. For the reasons stated above, the Court finds that Petitioner has not satisfied this standard and, therefore, denies a certificate of appealability as to its ruling on his § 2254 petition.

The Report and Recommendation herein ADOPTED IN ITS ENTIRETY and the Petition is hereby DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 23rd day of May 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE